UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JARRIE CRAWFORD                                                              PLAINTIFF

V.                                             CIVIL ACTION NO. 3:16CV190 DPJ-FKB

REGIONS BANK                                                               DEFENDANT

ORDER

This suit to remand an arbitral award for clarification is before the Court on motion of Defendant Regions Bank ("Regions") to dismiss [3]. Plaintiff Jarrie Crawford, proceeding pro se, has responded in opposition. The Court, having considered the submissions of the parties, finds that Defendant's motion [3] should be denied without prejudice.

I.      Facts and Procedural History

This action arises from a loan-payment dispute between the parties that was sent to arbitration at the demand of Plaintiff Jarrie Crawford. On January 15, 2016, the arbitrator found "[n]o relief is granted to Claimaint, Jarrie Crawford" and granted relief in favor of Regions Bank on its counterclaim for attorneys' fees in the amount of $22,815.10. Compl. [1-1] at 104. The arbitrator also ordered Crawford to reimburse Regions Bank $1,259.96 in fees and expenses, for a total award of $24,075.06. *Id.*

On January 19, 2016, Regions filed suit in state court, seeking an order confirming the arbitration award. About two months later, on March 15, 2016, Crawford filed this "Complaint to Remand Arbitral Award for Clarification." Compl. [1] at 1. In it, Crawford complains that

> [t]he arbitral award did not specify why the Arbitrator had denied Plaintiff relief. Nor did the award illuminate whether Plaintiff's claims were time-barred under any applicable statute of limitations. If they were, then the AAA nor the Arbitrator should have had jurisdiction over the proceedings and should not have rendered an award in either party's favor.

Compl. [1] ¶ 14.  He asks this Court to remand the case to the arbitrator for clarification.  *Id.* at 6, 9.  Regions opposes that relief and has moved to dismiss this case on three grounds:  (1) defective service of process; (2) abstention; and (3) Plaintiff's failure to include his claims as compulsory counterclaims in the first-filed state-court action.  Def.'s Mem. [4] at 2.  For the reasons explained below, Regions' motion is denied without prejudice.

II.     Analysis

   A.     Service of Process

Crawford mailed Regions a summons and complaint.  But Regions submits that under the Federal Arbitration Act, the relief Crawford seeks must be sought through a *motion* to vacate, modify, or correct an award.  Def.'s Mem. [4] at 3 (citing 9 U.S.C. §§ 6, 12).  It then seeks dismissal claiming Crawford failed to follow the rules for serving a motion.

Regions is correct in part.  Title 9 U.S.C. § 6 provides:  "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."  And because Regions "is a resident of the Southern District of Mississippi," Def.'s Mem. [4] at 3, § 12 provides that "service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court," 9 U.S.C. § 12.  Federal Rule of Civil Procedure 5(b) governs service of a motion and states first that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1).  Such service may be accomplished by mail.  Fed. R. Civ. P. 5(b)(2)(C).

While Crawford styled his action as a "Complaint" rather than a motion, he is proceeding pro se, so the technical mislabeling is inconsequential.  *See United States v. Feliz*, 537 F. App'x

406, 407 (5th Cir. 2013) ("Courts must liberally construe pleadings filed by pro se litigants, and it is the substance of those pleadings, rather than their labels, that is determinative."). The pleading will be construed as a motion.

Viewed in that light, Crawford was required to serve Regions' attorney. Instead, Crawford mailed a copy of his pleading to:

Regions Bank
Attn: C. Patrick Bodden
Legal Department
1900 5th Avenue North
22nd Floor
Birmingham, AL 35203

And there is some indication why Crawford did so. First, the "summons" Regions attached as an exhibit to its motion reflects that it was stamped "Received Mar 28 2016 Legal Department." Received Summons [3-1]; *see also* Compl. [1] at 1–2 (noting same recipient/mailing address); Summons [2] (same). Second, Bodden, at this address, is listed as the business representative on the demand for arbitration, Compl. [1-1] at 81. Third, Bodden sent a letter pre-arbitration to Plaintiff regarding the dispute. *Id.* at 74. Finally, this address is listed as Regions' address on the civil cover sheet attached to its state-court complaint to confirm the arbitration award. *Id.* at 79.

In short, taking as true Regions' argument that Crawford's "suit" is actually a motion which must be served in accordance with Rule 5(b), it at least appears that Crawford attempted to comply by mailing a copy to the representative from Regions' legal department that he had contact with before and during the arbitration. But it is not clear whether Bodden is an attorney or whether he "represented" Regions under Rule 5(b)(1).

Neither party addressed these points, and for its part, Regions has not directly stated why serving Bodden is insufficient. Nevertheless, the Court presumes that Regions believes Crawford should have mailed the motion to Attorney John Dollarhide. Dollarhide represented Regions in the arbitration and represents Regions in this and the state-court actions.

Assuming this is Regions' argument, the Court finds that dismissal on this basis is premature and exercises its discretion to give Plaintiff an opportunity to cure. *See Hawkins v. Potter*, 234 F. App'x 188, 190 (5th Cir. 2007) (noting that district court has discretion to extend time allowed for curing defective service of process under Rule 4); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."); *Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933, at *4 (N.D. Tex. Mar. 3, 2010) ("Where a court finds service is insufficient but curable, the general rule is that it should quash the service rather than dismiss the complaint and give the plaintiff an opportunity to re-serve the defendant."); *see also Rushing v. Bd. of Supervisors of Univ. of La. Sys.*, 270 F.R.D. 259, 261 (M.D. La. 2010) (noting that plaintiff could cure a defect in service under Rule 5(b)). Plaintiff will be given fourteen (14) days to serve a copy of his complaint/motion on Attorney John H. Dollarhide by mail in accordance with Rule 5(b).[1]

---

[1] Because Regions appears to be correct that the filing is a motion governed by Rule 5, the Court does not explore its alternative argument that service is defective under Rule 4 if the filing is considered a complaint.

B.  Abstention

Next, Regions argues the Court should abstain from hearing this dispute under the *Colorado River* abstention doctrine because a parallel proceeding is pending in state court between the same parties and involving the same issue. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

"The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (footnote omitted). Usually, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colo. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). *Colorado River* abstention thus represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 813, 817.

> The Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86 (1995)) (additional citations omitted). "In assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should

be] heavily weighted in favor of the exercise of jurisdiction.'" *Black Sea Inv., Ltd.*, 204 F.3d at 650 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

      1.     *Res* at Issue

Regions submits that because the Court has not assumed jurisdiction over a *res*, this factor is neutral. Def.'s Mem. [4] at 5. In fact, "the absence of this factor weighs against abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (citation and internal quotation marks omitted).[2]

      2.     Inconvenience of Fora

Likewise, Regions argues that because both courts are in Jackson, Mississippi, this factor is neutral. Def.'s Mem. [4] at 5. But the Fifth Circuit has noted that when "the federal court and the state court are in the same geographic region, we find this factor weighing in favor of the district court exercising jurisdiction." *Boyd*, 288 F.3d at 185.

      3.     Avoidance of Piecemeal Litigation

Regions asserts that unless this Court abstains, inconsistent results may occur. It notes that Crawford has not moved to clarify, vacate, or modify the award in the state-court suit, and therefore it is possible the state court will confirm the award while this Court could grant remand for clarification.

---

[2]*Bank One, N.A. v. Boyd* reached a different conclusion on this point. 288 F.3d 181, 185 (5th Cir. 2002) ("The first factor is not relevant to the present case as neither the state nor federal district court have assumed jurisdiction over any res or property."). But the Fifth Circuit first addressed the issue in *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1191 (5th Cir. 1988) (rejecting argument that absence of this factor is neutral). As such, the former controls. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 493 n.4 (5th Cir. 2006) (following *Jimco, Inc.*, rather than *Boyd*).

But courts distinguish between *duplicative* litigation, which "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction" and *piecemeal* litigation, which typically involves "inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd.*, 204 F.3d at 650–51. "Where, as here, no court has assumed jurisdiction over a disputed *res*, there is no such danger" and "[t]his factor therefore weighs against abstention." *Id.* In any event, both suits apparently involve the same parties, so "the problem of inconsistent judgments can be obviated through a plea of res judicata should one court render judgment before the other." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (citations omitted).

    4.    Order in Which Jurisdiction was Obtained

"The Supreme Court [ ] has cautioned against giving 'too mechanical a reading to the priority element' and instructs that 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 21). Regions insists that the state-court proceeding is progressing further because Regions has filed for summary judgment in that action. But this action was filed less than two months after the state-court action, Regions has not produced copies of any filings in that action, and the pace of this case is based in part on Regions' choice to file a motion to dismiss. This factor is neutral.

    5.    The Extent Federal Law Governs the Case

Pursuant to the parties' agreement, Mississippi law and the Federal Arbitration Act govern this dispute. Def.'s Mem. [4] at 6. Regions contends that "[b]ecause invocation of federal law is limited solely to Title 9 of the United States Code, and invokes Mississippi law

generally, this factor supports abstention." *Id.* But the Court in *Moses H. Cone Memorial Hospital* faced a similar combination of state law and the FAA. The Court held, "Although in some rare circumstances the presence of state-law issues may weigh in favor of [ ] surrender[ing federal jurisdiction] the presence of federal-law issues must always be a major consideration weighing against surrender." 460 U.S. at 26 (holding that case failed to meet exceptional-circumstances test). Because this case involves both federal and state law, "this factor weighs against abstention." *Murphy*, 168 F.3d at 739.

### 6. Adequacy of State Proceeding

Regions argues the state proceeding will adequately adjudicate this dispute and this factor is neutral. The Court agrees.

Overall, contrary to Regions' assertions, factors one, two, three, and five weigh against abstention and in favor of exercising jurisdiction. While two factors are neutral, no factor weighs in favor of abstention. This case does not meet the *Colorado River* exceptional-circumstances test.

### C. Compulsory Counterclaim

Finally, Regions argues that Crawford's Complaint fails to state a claim upon which relief can be granted because the relief he seeks "was a compulsory counterclaim to Regions' previously filed state court proceeding to confirm the arbitration award." Def.'s Mem. [4] at 6. In support of this argument, Regions cites a 1932 case from the Court of Appeals for the Second Circuit, *The Hartbridge*, 57 F.2d 672 (2d Cir. 1932), and an 1876 case from Minnesota, *Gaines v. Clark*, 23 Minn. 64, 66 (1876). A third authority Regions cites for the proposition that the Court should dismiss, enjoin, or stay the "second action," addressed two federal cases pending in

two different districts—which is not the situation presented here. *See Directory Int'l, Inc. v. The Bates Mfg. Co.*, 91 B.R. 738 (N.D. Tex. 1988) (citing *Seattle Totems Hockey Club v. Nat'l Hockey League*, 652 F.2d 825, 854 (9th Cir. 1981) ("[A] federal court may enjoin a party from bringing its compulsory counterclaim in a subsequent *federal court action*.") (emphasis added)). None of these cases are binding or justify dismissal.

III.   Conclusion

For the reasons explained, the Court finds that dismissal is inappropriate. In order to cure the defect in service, Plaintiff will be given fourteen (14) days to serve a copy of his complaint/motion on Attorney John H. Dollarhide, at Butler Snow LLP, P.O. Box 6010, Ridgeland, MS 39158-6010, by mail in accordance with Rule 5(b). Failure to cure the defect in service will result in dismissal without prejudice without further notice.[3]

Accordingly, Regions' motion [3] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

                                   s/ *Daniel P. Jordan III*
                                   UNITED STATES DISTRICT JUDGE

---

[3] Regions is directed to file a notice of receipt/non-receipt within twenty-one (21) days of this Order.